1  **THE ECLIPSE GROUP LLP**
   Edward F. O'Connor, Esq. (State Bar No. 123398)
2  eoconnor@eclipsegrp.com
   Becky V. Christensen, Esq. (State Bar No. 147013)
3  bchristensen@eclipsegrp.com
   Mariana P. Noli, Esq. (State Bar No. 247369)
4  mnoli@eclipsegrp.com
   1920 Main Street, Suite 150
5  Irvine, California 92614
   Telephone: (949) 851-5000
6  Facsimile: (949) 851-5051

7  ATTORNEYS FOR PLAINTIFF
   MerchSource LLC
8

9              UNITED STATES DISTRICT COURT
10          FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| MERCHSOURCE LLC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>IMJ MARKETING INC, a New York corporation<br><br>Defendant. | Case No.: **SACV09-01291 JVS (RNBx)**<br><br>**COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT;<br>2. TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS<br>3. UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.;<br>4. COMMON LAW UNFAIR COMPETITION<br><br>**JURY TRIAL DEMAND** |

MERCHSOURCE, LLC, (hereinafter "Plaintiff" or "MerchSource"), for its complaint against IMJ MARKETING INC (hereinafter "Defendant" or "IMJ Marketing") alleges:

## JURISDICTION AND VENUE

1. Plaintiff MerchSource, LLC is a business organized and existing under the laws of the State of California, with its principal office at 19517 Pauling, Foothill Ranch, Orange County, California, 92610.

2. Defendant IMJ Marketing Inc. is, on information and belief, a business organized and incorporated under the laws of the State of New York, with its principal office at 7 West 34th Street, Suite 625, New York, NY 10001. Defendant is also doing business in this judicial district and has substantial, systematic and continuous contacts with California, including this District.

3. This Court has jurisdiction over Plaintiff's federal claims under the laws of the United States, Title 15 of the United States Code (Commerce and Trade), particularly under the Copyright Act of the United States, 17 U.S.C. § 501 et seq.

4. Alternatively, this Court has jurisdiction over this action under 28 U.S.C.A. § 1332, because there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive interest and costs. This Court also has pendent jurisdiction pursuant to 28 U.S.C.A. § 1338(b).

5. Venue is proper in this District pursuant to 28 U.S.C.A. §§ 1391 (b) and (c) and §§ 1400 (a). On information and belief, Defendant IMJ Marketing sells its products at issue in this District, has caused damage in this District, and on information and belief, has entered into contracts such that the claims asserted in this Complaint arose in this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Plaintiff MerchSource ("MerchSource") is a provider of consumer products and pet products, including pet beds and other items. For several years, MerchSource has manufactured different lines of pet beds and distributes its unique products nationwide at major retailers in the United States.

7. As part of its regular business practice, MerchSource updates from time to time the fabrics used in its line of pet beds, with new patterns and colors introduced every couple years.

8. For example, for its 2007-2008 pet bed line, MerchSource made and sold pet beds in an original brown and red plaid material it created ("Plaid Bed Line"). MerchSource registered its fabric design which is protected under Copyright Registration No. VA 1-670-765 for the "Red Brown Pattern Fabric Design," attached as Exh. A.

9. For 2009, MerchSource created another new set of original fabrics. The 2009 fabrics are four (4) unique striped patterns ("Striped Bed Line"). The four fabrics were used for the Striped Bed Line which included both small, round pet beds, and larger, rectangular pet beds. MerchSource owns the copyrights for the four original striped patterns in the Striped Bed Line, which it registered as follows:

    a. Copyright Registration No. VA 1-674-867 for the "Pink Brown Pattern Fabric Design," attached as Exh. B;

    b. Copyright Registration No. VA 1-674-868 for the "Brown White Pattern Fabric Design," attached as Exh. C;

    c. Copyright Registration No. VA 1-674-871 for the "Green Blue Pattern Fabric Design,"; attached as Exh. D; and

    d. Copyright Registration No. VA 1-674-880 for the "Red Cream Pattern Fabric Design," attached as Exh. E.

10. Defendant IMJ Marketing ("IMJ Marketing"), on information and belief, is also in the business of selling pet products including pet beds, and other household products which it sells to national retailers.

11. In 2009, MerchSource discovered that IMJ Marketing made *identical copies* of MerchSource's Plaid Bed Line for sale by MerchSource in its 2008 product line. The IMJ Marketing red/brown plaid pet beds are the same size and design, and made of the same fabric patterns and materials, as MerchSource's Plaid Bed Line. The use of Plaintiff's copyrighted fabrics was an intentional infringement of Plaintiff MerchSource's copyrights.

12. IMJ Marketing marketed its infringing pet beds on its web site and sold them directly to Plaintiff's customers. On information and belief, IMJ Marketing was well aware that MerchSource had already sold its products to customers and that those customers would be placing repeat orders with Plaintiff. Defendant stole business from Plaintiff by wrongfully selling infringing products to the very retailers already doing business with MerchSource, and by offering these illicit products at a price below Plaintiff's. A true and correct photograph of MerchSource's Pet Beds (F2) and of IMJ Marketing's infringing brown/red fabric (F1) is attached hereto as Exhibit F.

13. In or around April 2009, MerchSource notified IMJ Marketing of its intellectual property rights in the Plaid Bed Line, warning that IMJ had infringed those products. MerchSource demanded that IMJ Marketing immediately cease its infringement.

14. Despite MerchSource's notice to cease production and sale of these products, IMJ continued deliberately and willfully to market and offer for sale the offending pet beds and other products with MerchSource copyrighted fabrics.

15. Eventually, Defendant IMJ claimed that it had stopped selling the red and plaid pet beds that infringed MerchSource's Plaid Bed Line.

4

16. Despite that unconfirmed representation, and in addition to already losing substantial sales to IMJ Marketing, Plaintiff incurred additional losses when it was forced to reduce the prices on additional orders in order to compete with IMJ's infringing products.

17. In late spring 2009, well after MerchSource notified IMJ of its infringement of the Plaid Bed Line, MerchSource discovered that IMJ Marketing had begun blatantly advertising and marketing on its website four additional pet beds, each of which was an *identical* copy of all four copyrighted patterns Plaintiff had introduced as part of its Striped Bed Line.  MerchSource had once again invested time, money and effort to develop this latest line of pet beds (with fabrics in green/blue, pink/cream, red/cream and brown/white stripe patterns), only to find them knocked-off — like the Plaid Bed Line before it — by IMJ. These newer fabrics, like MerchSource's Plaid Bed Line, were copyrighted as the original creation of MerchSource. The Defendant IMJ Marketing's fabrics were again nearly identical in color, weight, materials and pattern to MerchSource's and infringed MerchSource's copyrights. Only intentional copying explains the identity between not just one of the fabrics, but *all four*. A true and correct photograph of MerchSource's Pet Beds (G2) and IMJ's infringing products (G1) for the 2009 line is attached hereto as Exhibit G.

18. Once again, MerchSource notified IMJ that the fabrics were copyrighted. Plaintiff MerchSource again warned Defendant IMJ and demanded that it cease the marketing and sale of the offending pet beds and any other products made of MerchSource copyrighted, protected fabrics. On information and belief, IMJ Marketing ignored the notices and continued to offer its infringing pet beds for sale.

19. Eventually, Defendant IMJ Marketing reluctantly and informally claimed to cease marketing and offering for sale the infringing copies of both MerchSource's Plaid Bed Line and Striped Bed Line.

20. IMJ's infringement was not limited to copying Plaintiff MerchSource's pet bed fabrics. Even after multiple notices to Defendant IMJ Marketing, and even after Defendant informally claimed that it had ceased its infringements, Plaintiff discovered in the summer of 2009 that Defendant had begun to market a *third* line of products infringing MerchSource's copyrights. This time, Defendant IMJ marketed on its website a line of four "door draft blockers", each of which was wrapped in the four patterns that MerchSource designed and copyrighted as part of its Striped Bed Line. A photograph of the offending IMJ Marketing door draft blockers (H1) and MerchSource's copyrighted striped design fabrics (H2) are attached as Exhibit H. Such a flagrant violation of copyrights — not once, or twice, but *thrice* — after explicit warning can only be intentional, deliberate and wrongful.

21. In or about August, 2009, MerchSource once again warned IMJ that IMJ had infringed MerchSource's copyrighted fabrics, now being used by IMJ in its door draft blocker product line.

22. For the third time in less than six months, Defendant IMJ Marketing grudgingly removed from its website photographs of the door draft blockers with the infringing patterns. On information and belief, IMJ Marketing has continued to sell and deliver all three infringing product lines in acts of deliberate, willful infringement of Plaintiff MerchSource's fabric copyrights.

23. As a direct result of IMJ Marketing's infringements of MerchSource's copyrighted fabrics and distinctive, custom-designed products, MerchSource has lost sales, suffered from price erosion, and otherwise lost profits from its creations to which it was entitled.

<pre>
</pre>

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. Defendant, intentionally, willfully and deliberately infringed Plaintiff MerchSource's registered copyrights on the MerchSource Pet Bed's fabrics, in spite of repeated notices to cease and desist.

26. As a direct and proximate result of Defendant's acts of copyright infringement, Plaintiff has been damaged in an amount to be proved at trial, but in any event no less than $250,000, or in the alternative, statutory damages in an amount of not less than $250,000. The infringement herein alleged was willful and deliberate, and warrants enhancement of statutory damages.

27. As a further, direct and proximate result of defendant's willful, deliberate and persistent copyright infringement, Plaintiff will suffer and continue to suffer injury in damage to Plaintiff's good will and price erosion, and they have no adequate remedy at law. Plaintiffs will be irreparably harmed unless defendants are restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

## SECOND CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

28. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint.

29. MerchSource had business relationships with many retail stores. MerchSource had orders for hundred of thousands of units of its pet bed lines and anticipated renewal orders.

1  30. On information and belief, Defendant IMJ knew that MerchSource sold its pet beds to national retailers. Defendant IMJ deliberately, intentionally and wrongfully interfered with Plaintiff's business relationships by wrongfully and improperly selling products to Plaintiff's customers, even though Defendant IMJ had no right to sell these products.

31. Further, MerchSource was forced to reduce the price on its own intellectual property to avoid losing further sales to Defendant due to Defendants deliberate and wrongful interference.

32. As direct and proximate result of Defendant's intentional actions, Plaintiff has been damaged as previously alleged. Further, Defendant's malicious, willful and wrongful conduct entitles Plaintiff to exemplary and punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.

33. Plaintiff re-states and incorporates and references the allegations contained in paragraphs 1 through 32 of this Complaint.

34. Defendant's actions alleged above constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200 et seq. as they constitute unlawful, unfair and fraudulent acts or practices that are likely to deceive the public as to the origin of the Pet Beds, among other things.

35. As a direct and proximate result of Defendant's unfair competition, Plaintiff has been damaged as previously alleged.

# FOURTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

36. Plaintiff re-states and incorporates and references the allegations contained in paragraphs 1 through 35 of this Complaint.

37. Plaintiff MerchSource created and owns a distinctive line of Pet Beds and is a provider of consumer and pet products, including pet beds.

38. In direct competition with Plaintiff, Defendant IMJ Marketing, on information and belief, is also in the business of selling pet products including pet beds in the same market to the same customers.

39. Defendant's actions alleged above of knowingly and wrongfully copying Plaintiff's products was intentionally designed to misappropriate Plaintiff's goodwill and damages competition in that such unlawful business acts deceive the public in violation of the common law.

40. As a direct and proximate result of Defendant's unfair competition, Plaintiff has been damaged as previously alleged.

41. Additionally, because of the willful and deliberate nature of the Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff prays:

1. For preliminary and permanent injunctions enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys, successors, or assigns and any persons in active concert or participation with them from:

    a. Directly or indirectly infringing Plaintiff MerchSource's copyrights No. VA 1-670-765; VA 1-674-867; VA 1-674-868; VA 1-674-871; VA 1-674-880 in the fabric designs;

    b. Developing, exploiting, distributing, colorably imitating or otherwise using the copyrighted, protected fabric designs;

    c. Importing into the United States any infringing products; and

      d.     Any other conduct which has the result of preventing Plaintiffs' development, distribution, and profit from the copyrighted, protected fabrics;

2. For a mandatory injunction ordering Defendant, its officers, agents, servants, employees, attorneys, successors, or assigns and any persons in active concert or participation with them, to destroy any infringing inventory in the Defendant's possession and control;

3. For a declaratory judgment that defendant has infringed Plaintiff's copyrighted fabrics and misappropriated, improperly profited from, and otherwise misused the copyright protected fabrics;

4. Actual damages, including lost profits, and other money damages, against defendants in an amount to be proven at trial, but in any event, not less than $250,000; or in the alternative, statutory damages.

5. Disgorgement of Defendant's profits;

6. Punitive and exemplary damages;

7. Pre-judgment and post-judgment interest at the legal rate;

8. Costs;

9. Attorneys fees as allowed pursuant to the Copyright Act and as otherwise allowed by law; and

10. Such other and further relief as is just and proper.

Dated: November 5, 2009     Respectfully submitted,

**THE ECLIPSE GROUP LLP**

_____
By:   Edward F. O'Connor, Esq.
        Becky V. Christensen, Esq.
        Mariana P. Noli, Esq.
        ATTORNEYS FOR PLAINTIFF
        MERCHSOURCE LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated: November 5, 2009      Respectfully submitted,

**THE ECLIPSE GROUP LLP**

_____
By:   Edward F. O'Connor, Esq.
       Becky V. Christensen, Esq.
       Mariana P. Noli, Esq.
       ATTORNEYS FOR PLAINTIFF
       MERCHSOURCE LLC

# EXHIBIT A